UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| United States of America,<br>    *Plaintiff*,<br><br>    *v.*<br><br>Barry Trupin,<br>    *Defendant*. | Civil No. 3:05cv1570 (JBA)<br><br><br><br>March 24, 2009 |

**RULING ON MOTION FOR SUMMARY JUDGMENT**

The United States filed this civil action to enforce tax assessments against Barry Trupin. Arguing that Trupin is barred by *res judicata* from challenging the assessments and that this action was timely filed, the Government now moves for summary judgment on the ground that no material factual issues remain for trial.

**I.    Facts and Procedural History**

As a threshold matter, the task of assessing the relevant facts of this case is complicated by Trupin's failure to abide by the Local Civil Rules of this District. Rule 56(a)1 requires a party moving for summary judgment to include an attached document "which sets forth in separately numbered paragraphs . . . a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." The Government complied with this provision. (*See* Loc. R. 56(a)(1) Stmt. [Doc. # 52-2].) Local Rule 56 further provides:

> The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 and corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied. The Local Rule 56(a)2 Statement must also include in a separate section entitled "Disputed Issues of Material Fact" a list of each

issue of material fact as to which it is contended there is a genuine issue to be tried.

D. Conn. L. Civ. R. 56(a)2.  Trupin, who is now represented by counsel, filed no Local Rule 56(a)2 Statement.  Rather, his submission opposing summary judgment consists of (1) a one-paragraph summary "Objection" [Doc. # 53]; (2) a memorandum of law in support of the objection containing two substantive paragraphs [Doc. # 54]; and (3) ten pages of tax records regarding releases of tax liens against Trupin's former wife, Renee Trupin [Doc. # 55].  Nowhere is there any meaningful response to the factual matters set out in the Government's Local Rule 56(a)1 Statement.

Pursuant to Local Rule 56(a)1, a non-moving party's failure to dispute the movant's statement of material facts may result in those facts being "deemed admitted" if "supported by the evidence."  Nonetheless, as this Court has previously said:

> [E]ven where a non-moving party's failure to comply with Local Rule 56 would result in the admission of facts, this Court must be guided by the substance of the record submitted in support and "may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56[] statement," *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004), lest the Court "derogate the truth-finding functions of the judicial process by substituting convenience for facts."  *Giannullo v. City of New York*, 322 F.3d 139, 143 (2d Cir. 2003).

*Vaden v. Connecticut*, 557 F. Supp. 2d 279, 285 (D. Conn. 2008).  Therefore, while Trupin's disregard for the Local Rules is unfortunate, the Court must still assess whether there are disputed issues of fact by examining the record before it.  The record reveals the following undisputed facts.

The Government seeks to reduce to judgment federal tax assessments made by the Internal Revenue Service ("IRS") against Trupin for the tax years 1980 and 1982 through

1986. In three separate actions filed with the Tax Court in 1991 and 1992, Trupin challenged the IRS's determination of his tax liabilities. On December 28, 1993, the Tax Court dismissed Trupin's cases for lack of prosecution and held that he had deficiencies and statutory additions for the contested tax years. Between May 20 and May 26, 1994, the IRS made assessments against Trupin—and against Renee and another former wife, Judith—for the tax liabilities associated with these contested years. Trupin filed a petition for bankruptcy under Chapter 7 on January 14, 1999, but his case was dismissed on December 7, 1999 without being granted a discharge. According to the declaration of IRS manager Jeffrey Burg, the balance of Trupin's tax liabilities is $50,935,191 as of February 27, 2009.

The Government filed this case on October 11, 2005. Before answering, Trupin moved to dismiss the action as untimely. In her recommended ruling denying this motion, Magistrate Judge Fitzsimmons determined that the complaint was filed within the applicable ten-year statute of limitations provided in 26 U.S.C. § 6502(a)(1) because the limitations period was tolled, pursuant to § 6503(h)(2), while Trupin's Chapter 7 case was pending and for six months afterward. By order dated September 1, 2006, Judge Nevas approved and adopted in full the recommended ruling, to which Trupin did not object. After a stay, extended settlement discussions, and several extensions of time, the Government moved for summary judgment on February 27, 2009.

II.   Discussion

The Government argues that summary judgment is appropriate because Trupin is precluded from contesting his tax liabilities for the tax years in question.

### A.   Standard

Summary judgment is appropriate where the record "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of fact is "material" if it "might affect the outcome of the suit under the governing law," and is "genuine" if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party," then there is an issue for trial and summary judgment must be denied. *Id.* at 249. But if the evidence, viewed in the light most favorable to the nonmoving party, "could not lead a rational trier of fact to find for [that] nonmoving party, there is no genuine issue for trial," and summary judgment should follow. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quotation marks omitted).

### B.   The Tax Assessments

The three orders of dismissal by the Tax Court determine Trupin's tax liabilities for the tax years in question. The Government argues that Trupin is precluded from contesting these liabilities by the doctrine of *res judicata*, which means that once a case reaches a final judgment on the merits, the parties cannot later relitigate the issues that were raised or could have been raised in that earlier case. *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284–85 (2d Cir. 2000). It has long been the law that *res judicata* principles apply to the tax field: "[I]f a claim of liability or non-liability relating to a particular tax year is litigated, a

4

judgment on the merits is *res judicata* as to any subsequent proceeding involving the same claim and the same tax year." *United States v. Sunnen*, 333 U.S. 591, 598 (1948).

The Court agrees that *res judicata* applies here. First, the issues at hand were in fact decided by the Tax Court: it determined the amount of Trupin's tax deficiencies and statutory additions for the 1980 and 1982 through 1986 tax years. Second, this case and the Tax Court cases involve the same parties. Third, "the Tax Court is a court of competent jurisdiction for the determination of a taxpayer's income tax . . . liability." *United States v. Shanbaum*, 10 F.3d 305, 313 (5th Cir. 1994). Fourth, pursuant to Tax Court Rule 123(d), "[a] decision rendered upon a default or in consequence of a dismissal, other than a dismissal for lack of jurisdiction, shall operate as an adjudication on the merits." Thus, Trupin is barred by *res judicata* from challenging the assessments.

### C. Timeliness

The undisputed evidence also shows that the Government's complaint was timely. Presented with the same issue at an earlier stage in this case, Magistrate Judge Fitzsimmons concluded that "the filing of this action on October 11, 2005, was within the period of limitations for collection under the Internal Revenue Code." (Rec. Ruling [Doc. # 14] at 3.) Applying the same analysis to the current evidentiary record, the Court agrees that this case was initiated within the applicable statute of limitations. Moreover, because the question of timeliness has already been litigated and decided in this action, that earlier determination is now the law of the case. *Rezzonico v. H&R Block*, 182 F.3d 144, 148 (2d Cir. 1999).

### D. Relevance of Collection Efforts

Finally, returning to the grounds of Trupin's opposition to summary judgment, he argues that "[t]he United States has failed to prove that the 1980 and 1982 through 1986 civil

tax assessments remain unpaid and to what extent the amounts remain unpaid." (Def.'s Mem. at 2.) Specifically, Trupin references the fact that he is jointly and severally liable with his two former wives for any tax deficiencies for the years in question and maintains that summary judgment cannot be granted because the Government has not produced evidence of what collection activity, if any, the IRS has undertaken with respect to them.

Trupin's opposition submission is most notable for what it does *not* argue. Nowhere does he dispute that he is liable as the Government asserts. Rather, Trupin attempts to create an issue of fact by pointing to a lack of record evidence concerning the IRS's collection efforts, from which he presumably seeks the inference that the liability amounts are out-of-date. This is unavailing. In his declaration, Burg recites Trupin's total tax assessment as determined by the IRS as of February 27, 2009, which Trupin does not contest. Moreover, taking Trupin's argument on its terms, the possibility that "[c]ollection activity *may* have occurred against" the two former wives is not enough to create a genuine issue of material fact. (Def.'s Mem. at 2 (emphasis added).) The Government has established Trupin's tax liability as a matter of law. Although any successful collection activity by the IRS will reduce this liability, Trupin has not established that triable factual issues exist which preclude entry of judgment as to the total amount of his established tax liability.

**III.   Conclusion**

Accordingly, the Court grants the Government's Motion for Summary Judgment [Doc. # 52].  The Clerk is directed to enter judgment in the amount of $50,935,191.00, plus statutory interest and additions from February 27, 2009.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 24th day of March, 2009.